IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KERIN W. FLATTERY, ) | |
| ) | Civil Action No. 7:08CV00256 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| SOUTHWEST VIRGINIA FERTILITY ) | United States District Judge |
| CENTER, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Kerin W. Flattery, filed this action against Southwest Virginia Fertility Center, LLC, HCA Physician Services, Inc., and Hospital Corporation of America ("HCA"), raising claims of gender discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The plaintiff's claims are based on events that allegedly occurred while she was working as a nurse coordinator for a physician at the fertility center.

HCA has filed a motion for summary judgment, supported by an affidavit from Samuel J. Coulter, Vice President of HCA. Relying on Coulter's affidavit, HCA argues that it was not the plaintiff's employer for purposes of Title VII, and thus, that it is not subject to liability. HCA also argues that the plaintiff is precluded from asserting Title VII claims against it, because HCA was not named as a respondent in the charge of discrimination that the plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"). In response, the plaintiff argues that summary judgment is inappropriate since the EEOC charge is not before the court, and since the plaintiff has not had the opportunity to conduct discovery. Consequently, the plaintiff has filed a motion to compel, which the court construes as a motion for discovery under Rule 56(f) of the

Federal Rules of Civil Procedure. The court held a hearing on the parties' motions on December 11, 2008. The motions are now ripe for review.

Generally, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [her] opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986). However, "[i]f a party believes that more discovery is necessary for [her] to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that [she] could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). The United States Court of Appeals for the Fourth Circuit has noted that "'the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" Id. (quoting Evans, 80 F.3d at 961). Nonetheless, the Fourth Circuit has permitted a discovery request under Rule 56(f) to be made in a motion or legal memorandum, rather than an affidavit, "[w]hen the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery," "when fact-intensive issues . . . are involved," and when "the nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" Id. at 244-245 (quoting First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988)).

In this case, the plaintiff did not submit a Rule 56(f) affidavit. However, the court concludes that no affidavit is required under the circumstances of this case. First, at the time HCA's motion was filed on October 31, 2008, the plaintiff had not had the opportunity to

2

conduct any discovery. Since that time, a scheduling order has been entered that requires the parties to complete discovery by May 22, 2009. Additionally, both issues raised by HCA are fact-intensive. Although a direct employment relationship provides the usual basis for liability under Title VII, "the ambiguity of the term employer . . . has driven courts to fashion a variety of tests by which a defendant that does not directly employ the plaintiff may still be considered an employer." Hukill v. Auto Care, Inc., 192 F.3d 437, 442 (4th Cir. 1999). For instance, under the "integrated employer" or "integrated enterprise" test, several companies may be considered so interrelated that they constitute a single employer, Id., and courts have recognized that whether multiple companies are engaged in an integrated enterprise for purposes of Title VII is a fact-intensive determination, see, e.g., Vance v. Union Planters Corp., 279 F.3d 295, 297 (5th Cir. 2002). Likewise, "the issue of whether it is allowable for a party that was unnamed during the EEOC proceedings to be sued in court, is a fact-intensive matter."* Jamieson v. Valley Bank, 2005 U.S. Dist. LEXIS 46138, at *8 (W.D. Va. Sept. 13, 2005). Finally, the court notes that the plaintiff's memorandum in opposition to HCA's motion adequately fulfills the purpose of Rule 56(f) by putting the court on notice of the reasons why HCA's motion for summary judgment is premature.

---

* Although HCA argues that it was not named in the plaintiff's EEOC charge, the charge is not currently in the record. The court notes that a Title VII action generally "may be brought . . . only 'against the respondent named in the [administrative] charge.'" Alvarado v. Bd. of Trustees, 848 F.2d 457, 458 (4th Cir. 1988) (quoting 42 U.S.C. § 2000e-5(f)(1)). However, courts have developed exceptions to this rule. For example, "[d]istrict courts of this Circuit have allowed a Title VII action to proceed against an individual not named in the EEOC charge where there is an 'identity of interests' between the unnamed and named party." Jamieson, 2005 U.S. Dist. LEXIS 46138, at *6 (W.D. Va. Sept. 13, 2005).

For these reasons, the court agrees with the plaintiff that HCA's motion for summary judgment is premature. Accordingly, the motion for summary judgment will be denied without prejudice and the plaintiff's motion for discovery will be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 7th day of January, 2009.

                                           /s/ Glen Conrad
                                           United States District Judge